F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 4 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00547-BNB

NICHOLAS CUTSHALL,

      Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER DRAWING CASE

---

Applicant, Nicholas Cutshall, is a prisoner in the custody of the Colorado
Department of Corrections (DOC) and is currently incarcerated at the Centennial
Correctional Facility in Canon City, Colorado.  Mr. Cutshall, acting *pro se*, initiated this
action by submitting to the Court an Application for a Writ of Habeas Corpus Pursuant to
28 U.S.C. § 2254 on March 4, 2011.  Mr. Cutshall is challenging the validity of his
conviction and sentence in Case No. 06CR3968 in the Denver County District Court.
He has been granted leave to proceed *in forma pauperis*.

On April 11, 2011, the Court entered an order directing Respondents to file a
Pre-Answer Response and address the affirmative defenses of timeliness under 28
U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C.
§ 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.
After receiving an extension of time, Respondents filed a Pre-Answer Response on May
20, 2011.  Mr. Cutshall has not filed a Reply within the time provided.

The Court must construe liberally the Application filed by Mr. Cutshall because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be drawn to a district judge and a magistrate judge.

## I.     Background and State Court Proceedings

Mr. Cutshall was convicted by a jury of one count of sexual assault on a child (pattern of abuse) and five counts of sexual assault on a child. Pre-Answer Resp. at Ex. A, p. 11-12. Mr. Cutshall was sentenced to eighteen years to life on the first count, and six years to life on each of the remaining counts, to be served concurrently. *See* Pre-Answer Resp. at 2.

Mr. Cutshall filed a direct appeal to the Colorado Court of Appeals, and the appellate court affirmed the trial court's decision on November 19, 2009. *See People v. Cutshall*, No.07CA2413 (Colo. App. Nov. 19, 2009) (unpublished opinion) (Pre-Answer Resp. at Ex. D). The Colorado Supreme Court denied certiorari review on March 22, 2010. Pre-Answer Resp. at Ex. F.

On August 18, 2010, Mr. Cutshall filed a motion for reconsideration of sentence pursuant to Colorado Rule of Criminal Procedure 35(b). Pre-Answer Resp. at 3. The trial court denied the Rule 35(b) motion by order dated September 2, 2010. *Id.* Mr. Cutshall did not file an appeal.

Mr. Cutshall initiated the instant action in this Court on March 4, 2011. Respondents concede, and the Court agrees, that the action is timely under 28 U.S.C. § 2244(d).

In the Application, Mr. Cutshall asserts the following claims:

1. The trial court erred when it admitted hearsay from the victims.

2. The trial court erred in denying the motion to suppress defendant's statements made during the police interrogation.

3. The trial court's evidentiary rulings deprived Applicant of his right to a fair trial, because:

    a.    The trial court improperly admitted a dvd showing Applicant's interview with the police;

    b.    The trial court erred in permitting the prosecution's investigator to discuss interrogation techniques; and

    c.    The trial court erred in denying the motion for a mistrial.

Respondents assert that Claims 1, 3(b) and 3(c) are not exhausted in the state courts because Mr. Cutshall failed to present them as federal constitutional claims.

## II.    Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the

3

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Upon review of Mr. Cutshall's opening brief on direct appeal, the Court disagrees with the Respondents that Mr. Cutshall's presentation of his first claim (that the trial court erred in admitting child hearsay statements from the victims) fails to satisfy the fair presentation requirement. *See* Pre-Answer Resp. at Ex. B, p. 6-11. In presenting this claim, Mr. Cutshall cited to state court law that discussed a defendant's Sixth Amendment right to confront the witnesses against him. *See id.* at 6 (citing *People v.*

4

*Argomaniz-Ramirez*, 102 P.3d 1015, 1017 (Colo. 2004)). The Colorado state court cases cited by Mr. Cutshall set forth United States Supreme Court law as it relates to a defendant's Sixth Amendment right to confrontation. *See id.* (citing *Crawford v. Washington*, 541 U.S. 36 (2004) and *Ohio v. Roberts*, 448 U.S. 56 (1980)). Therefore, the Court finds that Mr. Cutshall's argument in the state court was sufficient to exhaust the Sixth Amendment confrontation claim that Mr. Cutshall appears to assert in this action. Accordingly, the Court finds that Claim One is exhausted.

Respondents also argue that Mr. Cutshall failed to exhaust subclaims 3(b) and (c) of his third claim. Mr. Cutshall's third claim, which has three sub-parts, generally asserts that the evidentiary rulings of the trial court violated Mr. Cutshall's right to fair trial. In 3(b), Mr. Cutshall argues that the trial court erred by permitting an investigator called by the prosecution to discuss certain interrogation techniques. In 3(c), Mr. Cutshall asserts that the trial court erred in denying his motion for a mistrial, based on allegedly improper hearsay and prejudicial testimony elicited by the prosecution. Respondents argue that Mr. Cutshall did not present these subclaims as asserting federal constitutional claims in the state court. However, in his state court appellate brief, after discussing each subclaim and the allegedly unconstitutional evidentiary rulings of the state court, Mr. Cutshall concluded by citing to the Fifth and Fourteenth Amendments to the United States Constitution, and arguing that the "numerous erroneous evidentiary rulings [by the state court] deprived the Defendant of this fundamental right [to a fair trial]." Pre-Answer Resp. at Ex. B, p. 24. The Court finds that this argument was sufficient to exhaust the constitutional claim that the evidentiary

rulings of the trial court violated Mr. Cutshall's Fourteenth Amendment right to a fair trial.
Accordingly, the Court rejects Respondents' argument that Mr. Cutshall failed to
exhaust his claims in the state courts.

## III.    Conclusion

Having determined that Mr. Cutshall's claims appear to be exhausted in the state
courts, the Court has therefore determined that this case does not appear to be
appropriate for summary dismissal.  Therefore, the case will be drawn to a district judge
and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.  Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate
judge.

DATED at Denver, Colorado, this __14th__ day of _____July_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00547-BNB

Nicholas Cutshall
Prisoner No. 138859
Centennial Correctional Facility
PO Box 600
Canon City, CO 81215

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 14, 2011.

                                GREGORY C. LANGHAM, CLERK

                                By:_____
                                        Deputy Clerk